UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carmen Latrice Rice, ) | Civil Action No.: 2:16-cv-02610-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Leath Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Carmen Latrice Rice, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker.[1] *See* R & R [ECF No. 22]. The Magistrate Judge recommends granting Respondent's motion for summary judgment, dismissing Petitioner's § 2254 petition with prejudice, and denying a certificate of appealability. R & R at p. 33.

## Background[2]

The State of South Carolina indicted and tried Petitioner for murder and armed robbery, and the jury convicted her of both charges. *See* ECF No. 15-24 at pp. 150–51, 160–63. The trial court sentenced her to concurrent terms of life imprisonment for murder and thirty years for armed robbery. *See* ECF No. 15-24 at pp. 158, 164–65. The South Carolina Court of Appeals affirmed Petitioner's

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2] The R & R thoroughly summarizes the factual and procedural background of this case, with applicable dates and citations to the record. *See* R & R at pp. 1–5.

convictions in a published opinion summarizing the facts leading to Petitioner's conviction:[3]

> On the evening of October 25, 2001, Carmen Rice and Iris Bryant (Bryant) joined Bernard Brennan (Brennan) at the Varsity in Columbia, where Brennan was playing pool with his friend, Alton Page. Brennan told Page one of the women was his cousin from New York and the other was her friend from Beaufort. Eventually, Brennan, Rice, and Bryant went to Calloway's to eat.
>
> After their meal, Brennan and the two women left Calloway's together. They drove in his Mercedes to an isolated section of Richland County, near the intersection of Fairfield Road and Interstate 20.
>
> Later that night, Deputy Tom Lyons found Brennan's Mercedes in a ditch on Crawford Road. Brennan was still buckled in his seatbelt, the engine was running, and the vehicle was in gear. Brennan had been shot five times in the back and died as a result of the shooting. His wallet was missing.
>
> The police learned Bryant was involved in the murder and robbery after receiving information from one of Bryant's friends. Bryant subsequently implicated Rice in the murder and robbery.
>
> In her testimony at Rice's trial, Bryant confirmed she and Rice had planned to rob Brennan but denied any complicity in a plan to murder him. Bryant claimed Rice unexpectedly shot Brennan from the backseat with the weapon Rice was issued by her employer. After the shooting, Rice removed Brennan's wallet and wiped down the car. Then the two women fled.
>
> Prior to trial, Bryant had given investigators multiple statements implicating other individuals in the robbery and murder. At Rice's trial, she confessed she lied in those previous interviews because she was afraid she would be charged with murder if she admitted being at the crime scene. Rice attempted to impeach Bryant's testimony with a prior inconsistent statement Bryant made to Alana Quattlebaum, a fellow prisoner. The import of Bryant's statement to Quattlebaum was that a woman named Nikki, rather than Rice, actually killed Brennan.

---

[3] In the R & R, the Magistrate Judge summarizes the evidence presented at Petitioner's trial. *See* R & R at pp. 7–10.

> Brennan's friend, Alton Page, testified he could not identify either of the individuals he saw with Brennan on the night of the murder, but he recalled that one of them wore a "bright orange top."
>
> Heidi Feagin was a waitress at Calloway's in October of 2001. Feagin served Brennan and the two women on October 25, and recognized Brennan as a "regular customer." She described one of the women as having a stocky or medium build and wearing a bright orange top. The other woman was thinner and younger. Before trial, Feagin was shown a photographic lineup of six women. The array included only Bryant's photograph. Feagin did not identify Bryant, but instead selected two other women as Brennan's companions.
>
> The investigation ultimately led to Rice's indictment and trial for the armed robbery and murder of Bernard Brennan. The jury returned a verdict of guilty and Rice was sentenced to life imprisonment for murder and thirty years, concurrent, for armed robbery. At the time of Rice's trial, Bryant had been charged with murder and armed robbery.

*State v. Rice*, 375 S.C. 302, 312–13, 652 S.E.2d 409, 413–14 (Ct. App. 2007), *overruled on other grounds by State v. Byers*, 392 S.C. 438, 710 S.E.2d 55 (2011).[4] The South Carolina Supreme Court denied certiorari to review the Court of Appeals' decision. *See* ECF No. 15-8.

Petitioner filed an application for post-conviction relief ("PCR"), which the state PCR court denied and dismissed with prejudice after an evidentiary hearing. *See* ECF No. 15-25 at pp. 1–8, 81–93. Petitioner filed a petition for a writ of certiorari with the South Carolina Supreme Court; the case was transferred to the South Carolina Court of Appeals, which granted the petition and ordered further briefing. *See* ECF Nos. 15-10, 15-12. The Court of Appeals then affirmed the PCR court's decision in an unpublished opinion. *See* ECF No. 15-15; *Rice v. State*, No. 2015-UP-191, 2015 WL 1546200 (S.C. Ct. App. Apr. 8, 2015). The Court of Appeals denied rehearing, and the South Carolina Supreme

---

[4] *Byers* overruled *Rice* on an issue not relevant to Petitioner's § 2254 petition. *See Byers*, 392 S.C. 438, 445–47, 710 S.E.2d 55, 58–59 (2011) (issue preservation relating to hearsay testimony).

Court denied certiorari. *See* ECF Nos. 15-16 & 15-20.

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent answered by filing a return and a motion for summary judgment. *See* ECF Nos. 15 & 16. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's § 2254 petition with prejudice. R & R at p. 33. Petitioner has filed timely objections to the R & R, and Respondent has filed a reply to Petitioner's objections. *See* ECF Nos. 24 & 25.

## Legal Standards

**I.  Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*,

4

718 F.2d 198, 199–200 (4th Cir. 1983).

II. **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) ("Federal Rule of Civil Procedure 56 'applies to habeas proceedings.'" (quoting *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991))). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

III. **Federal Habeas Review Under 28 U.S.C. § 2254**

Because Petitioner filed her petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of her claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

(1) resulted in a decision that was contrary to, or involved an

5

> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d). This is a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

## Discussion

Petitioner alleges four grounds for relief in her § 2254 petition: Ground One presents an ineffective assistance claim, and Grounds Two through Four allege trial court errors. *See* ECF No. 1 at pp. 6–11. The Magistrate Judge recommends granting summary judgment on all grounds, concluding that Ground Two is procedurally defaulted and that Grounds One, Three, and Four fail on the merits. R & R at pp. 10–32. Petitioner objects to the Magistrate Judge's recommendation. *See* Pet.'s Objs. [ECF No. 22].

**I.    Ground One**

Petitioner alleges trial counsel was ineffective for failing to call a witness at trial. *See* ECF No. 1 at p. 6. The Court must review claims of ineffective assistance of counsel under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness." *Id.* at

6

687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a § 2254 petition, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

As indicated above, Iris Bryant testified at trial about Petitioner's involvement in the armed robbery and murder of Bernard Brennan, asserting Petitioner shot Brennan and took his wallet.[5] ECF No. 15-23 at pp. 16–28, 33.[6] Petitioner's trial counsel called Alana Quattlebaum to testify for the defense; Quattlebaum testified that she had been detained at the same jail as Petitioner and Bryant and that her former cellmate was Arletta Frierson. *Id.* at pp. 466–69. Significantly, Quattlebaum testified Bryant told her and Frierson that Petitioner did not have anything to do with the crime. *Id.* at p. 469. Trial counsel did not call Frierson to testify at trial.[7] Petitioner claims that Frierson—like Quattlebaum—would have testified[8] that Bryant said Petitioner had nothing to do with the crime, and that Frierson's testimony "could have seriously swayed the jury" not to convict Petitioner. *See* Pet.'s Objs. at pp. 1–2.

---

[5]     As mentioned above, Bryant was also charged with murder and armed robbery. ECF No. 15-23 at p. 12.

[6]     The trial transcript is located at ECF Nos. 15-22, 15-23, and 15-24. For the sake of clarity, the Court cites to the ECF page numbers rather than those on the original trial transcript.

[7]     Frierson is mentioned several times in the trial record. During jury selection, the trial court informed the jury that Frierson was a potential witness. ECF No. 15-22 at p. 23. The record further indicates that trial counsel initially planned to call Frierson as a witness and that she was present during the defense's case—notably, trial counsel referred to Frierson by name when informing the court of the defense's witnesses, and he had Frierson transported from prison to the courthouse. ECF No. 15-23 at p. 448–51, 477–78. The trial record does not clarify why trial counsel did not call Frierson, and when asked about this issue at the PCR hearing, trial counsel testified he could not recall the matter. ECF No. 15-25 at pp. 50-51.

[8]     The PCR court allowed a proffer of Frierson's testimony at the PCR hearing. *See* ECF No. 15-25 at pp. 31–37.

7

The PCR court denied relief on this issue, and the South Carolina Court of Appeals affirmed. In its opinion, the Court of Appeals focused solely on the prejudice prong in conducting its *Strickland* analysis, ruling as follows: "Even assuming trial counsel was deficient for failing to call Frierson, Rice failed to show prejudice. Through Quattlebaum's testimony, the jury was informed that Bryant admitted Rice did not have anything to do with the crime. Accordingly, Frierson's testimony would have been merely cumulative, and trial counsel was not ineffective." *Rice*, 2015 WL 1546200, at *2 (internal citation omitttted).

The Court finds Petitioner has failed to establish that the state appellate court "unreasonably applied the *Strickland* standard or unreasonably concluded that [Petitioner] failed to establish *Strickland* prejudice." *Hope v. Cartledge*, 857 F.3d 518, 526 (4th Cir. 2017) (analyzing a § 2254 case where *Strickland* prejudice was the sole issue). The Court of Appeals' analytical approach is wholly consistent with that articulated in *Strickland*, wherein the Supreme Court explained "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." 466 U.S. at 697.

Moreover, "it is clear that failing to introduce cumulative evidence at trial does not give rise to *Strickland* prejudice." *United States v. Wines*, 691 F.3d 599, 605 (5th Cir. 2012) (citing *Wong v. Belmontes*, 558 U.S. 15 (2009)). Frierson's testimony would have been merely cumulative to Quattlebaum's testimony, as thoroughly explained in the R & R, and therefore Petitioner has not shown she was prejudiced by trial counsel's failure to call Frierson. *See* R & R at pp. 15–17. *See, e.g.*, *Jones v. Catoe*, 9 F. App'x 245, 253 (4th Cir. 2001) ("Even assuming that counsel were ineffective for failing to uncover and present this evidence, there is no likelihood that Jones was prejudiced by the failure to present cumulative testimony."); *Miller v. Johnson*, 2007 WL 1725617, at *24 (W.D. Va. June 12,

8

2007) (finding no *Strickland* prejudice because the alleged witness's "testimony would have been merely cumulative"), *appeal dismissed*, 266 F. App'x 294 (4th Cir. 2008). Accordingly, the Court overrules Petitioner's objections concerning Ground One.

## II.    Ground Two

Petitioner claims she is entitled to federal habeas relief because there was no physical evidence linking her to the crime. *See* ECF No. 1 at p. 8. The Magistrate Judge has concluded this claim is procedurally defaulted because Petitioner did not raise it on direct appeal, and that the default cannot be excused. R & R at pp. 17–20. Petitioner objects to this conclusion. *See* Pet.'s Objs. at p. 2.

Having conducted a de novo review of the record and Ground Two, the Court agrees with the Magistrate Judge's conclusion. The Court hereby incorporates by reference the applicable law set forth in the R & R regarding exhaustion, procedural default, and cause and prejudice, *see* R & R at pp. 17–20, and it concludes Ground Two is procedurally defaulted because it was not presented on direct appeal to the South Carolina Court of Appeals.[9] Moreover, Petitioner has not shown sufficient cause and prejudice to excuse her default, so the Court cannot consider the merits of her claims. *See Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) ("[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" (quoting *House v. Bell*, 547 U.S. 518, 536 (2006))). Accordingly, the Court overrules Petitioner's objections concerning Ground

---

[9]   The Court also adopts by reference the Magistrate Judge's discussion addressing the sufficiency of the evidence supporting Petitioner's convictions. *See* R & R at pp. 19–20; *see generally Jackson v. Virginia*, 443 U.S. 307 (1979) (articulating the standard for federal habeas review of a challenge to the sufficiency of the evidence following a conviction in state court).

9

Two.[10]

## III. Ground Three

Petitioner challenges the South Carolina Court of Appeals' decision affirming the trial court's exclusion of evidence of third-party guilt. *See* ECF No. 1 at p. 9. The Magistrate Judge conducted a comprehensive review of Petitioner's claim, the applicable law, and the state appellate court's disposition of the claim. *See* R & R at pp. 20–29. Petitioner objects, arguing the exclusion of the third-party guilt evidence deprived her of "a fair opportunity to receive a fair trial." Pet.'s Objs. at pp. 3, 5.

At trial, Petitioner attempted to introduce evidence that another woman—purported to be "Nikki" or "Tiki"—killed Bernard Brennan. Specifically, Petitioner sought to introduce evidence that (1) a composite sketch[11] of the suspect identified as Petitioner resembled Iris Bryant's cousin Tiki, and that (2) Bryant previously named Nikki as the murderer.[12] *See Rice*, 375 S.C. at 321, 652 S.E.2d at 418 (summarizing the proffered third-party guilt evidence). The trial court excluded this third-party guilt evidence because it did not sufficiently connect the other person(s) to the crime, and the South Carolina Court of Appeals affirmed the trial court's ruling. *See* ECF No. 15-23 at pp. 435–53, 481–86; *Rice*, 375

---

[10] Petitioner appears to raise a new ground for relief in her objections, alleging appellate counsel was ineffective for not challenging the sufficiency of the evidence on direct appeal; to support this claim, Petitioner cites *Martinez v. Ryan*, 566 U.S. 1 (2012). *See* Pet.'s Objs. at p. 2. This new claim is improper for several reasons. First, the Court need not consider an unexhausted claim raised for the first time in a § 2254 petitioner's objections. *See Samples v. Ballard*, 860 F.3d 266, 273–76 (4th Cir. 2017) (finding the district court did not err or abuse its discretion in declining to consider a claim raised for the first time in a petitioner's objections to the R & R). Second, the Supreme Court has squarely held *Martinez* is limited to claims of ineffective assistance of *trial* counsel and does not extend to claims of ineffective assistance of *appellate* counsel. *See Davila v. Davis*, 137 S. Ct. 2058 (2017). Finally, Petitioner's claim of ineffective assistance of appellate counsel is procedurally defaulted because it was not presented in her PCR appeal. Moreover, Petitioner has not shown sufficient cause and prejudice to excuse her default, so the Court cannot consider the merits of her claims. *See Teleguz*, 689 F.3d at 327.

[11] The composite sketches themselves were admitted into evidence during Feagin's testimony. *See* ECF No. 15-22 at pp. 369–71. The sketches were created by a forensic artist based on Feagin's memory of the two females who were with Brennan in Calloway's. *See id.* at p. 369.

[12] As the South Carolina Court of Appeals explained, the issue of "[w]hether Tiki and Nikki were the same person remains unresolved." *Rice*, 375 S.C. at 313 n.1, 652 S.E.2d at 414 n.1.

10

S.C. at 316–22, 652 S.E.2d at 416–19. The Court of Appeals held (a) "[t]he trial court adhered to the *Gregory*[13] rule and applied the proper standard for admission of third-party guilt evidence," and (b) "any error in the trial court's ruling was harmless." 375 S.C. at 322, 652 S.E.2d at 419.[14] Significantly, in a lengthy discussion, the Court of Appeals cited and applied *Holmes v. South Carolina*, 547 U.S. 319 (2006).[15]

The Court agrees with the Magistrate Judge that the state appellate court's holding was not "an unreasonable application of" *Holmes* and was not "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). In *Holmes*, the United States Supreme Court held a trial court may not exclude a defendant's evidence of third-party guilt based on an assumption that "the prosecution's evidence, *if credited*, would provide strong support for a guilty verdict" because such an assumption presumes the strength of the prosecution's case and deprives a defendant of a fair trial. 547 U.S. at 330–31; *see Hester v. Ballard*, 679 F. App'x 273, 283 (4th Cir. 2017) ("In other words, the *Holmes* Court prohibited trial courts from excluding evidence of third-party guilt based solely on the strength of the prosecution's evidence."). However, the *Holmes* Court left intact the "widely accepted" evidentiary rules governing third-party guilt, including the rule in *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941)—which the *Holmes* Court favorably cited and upheld. *See* 547 U.S. at 330–31 & n.*. In *Gregory*, the South Carolina Supreme Court held third-party guilt evidence is admissible if it

---

[13] *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941).

[14] The R & R contains a full quotation of the relevant portions of the Court of Appeals' opinion. *See* R & R at pp. 20–23.

[15] In her objections, Petitioner relies on the South Carolina Supreme Court's opinion in *State v. Holmes*, 361 S.C. 333, 605 S.E.2d 19 (2004). Pet.'s Objs. at p. 3. As explained in the R & R, the *Holmes* state court decision (specifically, the "strong forensic evidence" principle discussed therein) was appealed to and vacated by the United States Supreme Court. *See* 547 U.S. at 331 ("It follows that the rule applied in this case by the State Supreme Court violates a criminal defendant's right to have a meaningful opportunity to present a complete defense." (internal quotation marks omitted)).

11

"raise[s] a reasonable inference or presumption as to [the defendant's] own innocence," but is inadmissible if it merely "cast[s] a bare suspicion upon another" or "raise[s] a conjectural inference as to the commission of the crime by another." 198 S.C. at 104, 16 S.E.2d at 534.

Here, the trial court applied the *Gregory* rule and excluded the third-party guilt evidence regarding Nikki and Tiki because Petitioner could not link either woman to the crime by way of a "specific chain of facts and circumstances." *See* ECF No. 15-23 at pp. 435–53. The trial court did not exclude the evidence based solely on strength of the State's evidence, and therefore it did not violate *Holmes*. The Court of Appeals likewise applied *Gregory* and ruled Petitioner's "proffered evidence casts a mere 'bare suspicion' on Nikki or Tiki and fails to connect either to the murder by way of the facts and circumstances surrounding the crime." *Rice*, 375 S.C. at 322, 652 S.E.2d at 419. Because *Holmes* favorably cited the *Gregory* rule (as well as its analogues in other jurisdictions) and did not call it into question, the Court of Appeals' reliance on *Gregory* to affirm the trial court's exclusion of the third-party guilt evidence was not an unreasonable application of *Holmes* or determination of the facts. *See, e.g.*, *Hester*, 679 F. App'x at 283 (holding the West Virginia state court did not unreasonably apply *Holmes* in excluding third-party guilt evidence because *Holmes* favorably cited the West Virginia analogue to the *Gregory* rule);[16] *Hoots v. Allsbrook*, 785 F.2d 1214, 1221–23 (4th Cir. 1986) (finding third-party guilt evidence "would have been subject to exclusion" under North Carolina law because the evidence "did not point unerringly to the guilt of" the defendant (internal quotation marks omitted)); *Poole v. Warden*, 2007 WL 397286, at *6–9, 17–20 (D.S.C. Jan. 31, 2007) (finding the trial court's exclusion of testimony—based on the *Gregory* rule—that a composite sketch looked like another

---

[16] In *Hester*, the Fourth Circuit held "the state habeas court's determination that the trial court's exclusion of the third-party seminal fluid found in one of the rooms in which Petitioner assaulted" the minor victim "was not an unreasonable application of *Holmes*." 679 F. App'x at 282–83 (internal quotation marks omitted).

12

individual was not an unreasonable application of *Holmes*).

Additionally, the Court finds the exclusion of the evidence, even if error, was harmless.[17] "[I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht* [*v. Abrahamson*, 507 U.S. 619 (1993)]." *Fry v. Pliler*, 551 U.S. 112, 121 (2007).[18] "Under that standard, an error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 116 (internal quotation marks omitted). Applying the *Brecht* standard, the Court concludes the exclusion of the third-party guilt evidence did not prejudice Petitioner. As the Court of Appeals observed, *see Rice*, 375 S.C. at 322, 652 S.E.2d at 419, the jury actually heard Bryant testify on both direct and cross-examination that she previously told police that Nikki had been involved in the crime. *See* ECF No. 15-23 at pp. 30–32, 43–44, 62–65. The jury also heard Quattlebaum's testimony that Bryant had told her (and Frierson) that Petitioner did not have anything to do with the crime. *See id.* at p. 469. Bryant's statement to Quattlebaum was inconsistent with Bryant's trial testimony accusing Petitioner, and therefore Petitioner accomplished her original goal of impeaching Bryant's truthfulness. Given these facts, the exclusion of the third-party guilt evidence did not have a substantial and injurious effect on Petitioner's verdict. The Court overrules Petitioner's objections concerning Ground Three.

## IV. Ground Four

Petitioner challenges the South Carolina Court of Appeals' decision affirming the trial court's

---

[17] The Magistrate Judge did not specifically address the Court of Appeals' harmless error finding, and therefore the Court discusses it in this Order.

[18] *See also Fowler v. Joyner*, 753 F.3d 446, 459 (4th Cir. 2014) ("Federal habeas courts must always review constitutional errors in state trials under *Brecht*, but they need not debate whether a state court's harmless error determination also unreasonably applied *Chapman* [*v. California*, 386 U.S. 18 (1967)]."); *Fry*, 551 U.S. at 120 ("[I]t certainly makes no sense to require formal application of both tests (AEDPA/*Chapman* and *Brecht*) when the latter obviously subsumes the former.").

admission of an in-court identification. *See* ECF No. 1 at p. 11. The Magistrate Judge has concluded the Court of Appeals' rejection of this claim was neither an unreasonable application of Supreme Court precedent nor an unreasonable determination of the facts. R & R at pp. 29–32. Petitioner objects to this conclusion. *See* Pet.'s Objs. at pp. 3–5.

At trial, over Petitioner's objection, Heidi Feagin identified Petitioner as one of the two women who were with Bernard Brennan in Calloway's (the restaurant where Brennan ate before his death). ECF No. 15-22 at pp. 302, 371–72. Significantly, Feagin had never identified Petitioner before trial. The Court of Appeals affirmed the trial court's admission of Feagin's in-court identification for two reasons: (1) a *Neil v. Biggers*[19] analysis did not apply because Feagin only identified Petitioner at trial and never identified her before trial; and (2) Petitioner could not show prejudice because she opened the door to the admission of the identification evidence. *Rice*, 375 S.C. at 326–30, 652 S.E.2d at 421–23. In her objections, Petitioner challenges only the *Biggers* issue, arguing "Neil v. Biggers most certainly should have been applied in a case where Rice was being accused of murder and armed robbery." Pet.'s Objs. at p. 4.

As the Magistrate Judge notes, the Fourth Circuit addressed and rejected a very similar claim in *Gunnells v. Cartledge*, 669 F. App'x 165 (4th Cir. 2016). *See* R & R at p. 32. In *Gunnells*, the § 2254 petitioner—from South Carolina—argued "the district court should have explicitly weighed the factors in *Neil v. Biggers*." 669 F. App'x at 165. The Fourth Circuit disagreed:

> We conclude, however, that the proper inquiry is not whether the district court should have explicitly evaluated the *Biggers* factors, but instead whether *Biggers* applies at all. . . . .

---

[19]  409 U.S. 188 (1972) (articulating the two-prong inquiry to determine the admissibility of an **out-of-court** identification).

> [T]he Supreme Court of South Carolina has "conclude[d], as the majority of courts have, that *Neil v. Biggers* does not apply to in-court identifications and that the remedy for any alleged suggestiveness of an in-court identification is cross-examination and argument." *State v. Lewis*, 363 S.C. 37, 609 S.E.2d 515, 518 (2005).[20] This refusal to extend *Biggers* to in-court identifications forecloses Gunnells' argument on federal habeas review that *Biggers* applies to his case.

669 F. App'x at 165–66 (alteration in original). In Petitioner's case, the South Carolina Court of Appeals cited the holding in *State v. Lewis* and concluded *Biggers* did not apply to Feagin's in-court identification. *Rice*, 375 S.C. at 327–28, 652 S.E.2d at 421–22. This conclusion is not an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts in light of the evidence presented at trial. The Court overrules Petitioner's objections concerning Ground Four.

For the foregoing reasons, the Court overrules all of Petitioner's objections and accepts the Magistrate Judge's recommendation to grant Respondent's motion for summary judgment.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds,

---

[20] In *Lewis*, the South Carolina Supreme Court reasoned that "*Neil v. Biggers* does not apply to a first-time in-court identification because the judge is present and can adequately address relevant problems; the jury is physically present to witness the identification, rather than merely hearing testimony about it; and cross-examination offers defendants an adequate safeguard or remedy against suggestive examinations." 363 S.C. at 43, 609 S.E.2d at 518.

the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

The Court has reviewed the entire record including the § 2254 petition, the motion for summary judgment, the return and attachments, the R & R, Petitioner's objections, and Respondent's reply. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 22] by reference.

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 16] and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
September 26, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge